UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60537-SINGHAL/VALLE

ZIPORA HAVA,

   Plaintiff,

v.

CITY OF HOLLYWOOD FLORIDA, OFFICER
KYLE OTWELL, and UNKNOWN OFFICER # 1,

   Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant Kyle Otwell's Motion for Attorney's Fees (ECF No. 49) (the "Motion"). United States District Judge Raag Singhal has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 50). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 52), Defendant's Reply (ECF No. 53), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART** for the reasons set forth below.

## I.  RELEVANT PROCEDURAL HISTORY

The background and procedural history of this case are set forth in the Court's prior Order on Defendants' motion for summary judgment, which is incorporated by reference. *See* (ECF No. 47). Nonetheless, a brief summary of the litigation is necessary to provide context critical to determining the Motion.

On December 21, 2022, Plaintiff filed her Verified Complaint against Defendants City of Hollywood Florida, Officer Kyle Otwell, and Unknown Officer #1 (collectively, "Defendants") in the Seventeenth Judicial Circuit in and for Broward County. *See* (ECF No. 1-2 at 4-15). In March

2023, the case was properly removed to this Court. *See generally* (ECF No. 1). In the Verified Complaint, Plaintiff alleged various constitutional and state law claims against Defendant Otwell and Unknown Officer # 1 (Counts 1-5), as well as a claim for vicarious liability against the City of Hollywood (Count 6). More specifically, as to Defendant Otwell, the Complaint alleged: (i) unreasonable seizure (unlawful arrest), in violation of the First, Fourth, and Fourteenth Amendments (Count 1); (ii) unlawful seizure (unlawful arrest), in violation of the Fourth Amendment (Count 2); (iii) unlawful restriction of liberty, in violation of the Fourteenth Amendment (Count 3); (iv) false imprisonment (Count 4); and (v) intentional infliction of emotional distress, in violation of Florida state law (Count 5). *See generally* (ECF No. 1-2). Lastly, Count 6 alleged vicarious liability claims against the City. *Id*.

One month after removal, Defendant Otwell moved to dismiss Counts 2 and 5 of the Complaint and to strike Plaintiff's request for attorney's fees within Counts 3, 4, and 5. (ECF No. 9). Plaintiff did not respond to or otherwise oppose Defendant's motion to dismiss. Thus, in May 2023, in a three-paragraph Order, the Court granted Defendant's motion: (i) dismissing Count 2 as duplicative of Count 1; (ii) dismissing Count 5 for failure to state a claim; and (iii) striking the request for fees within Counts 3, 4, and 5, as unauthorized by statute. *See generally* (ECF No. 13).

The case proceeded through discovery and court-ordered mediation. *See* (ECF Nos. 20, 22, 24) (Defendant's motion to compel better answers to interrogatories, Plaintiff's response, and resulting discovery order); (ECF Nos. 30, 31) (notices that case did not settle at mediation). On February 6, 2024, approximately two weeks after the failed mediation, Defendants moved for summary judgment on the remaining counts (Count 1, 3, and 4 against Defendant Otwell and Count 6 against the City). *See generally* (ECF No. 32). In the summary judgment motion, Defendant Otwell argued that Count 1 should be dismissed because it was barred by the doctrine

of qualified immunity.  *See* (ECF No. 32 at 2-5).  As to Counts 3 and 4 (for unlawful restriction of liberty based on Plaintiff's arrest and detention and false imprisonment), Defendant Otwell argued that the existence of arguable and actual probable cause supporting Plaintiff's arrest negated Plaintiff's claim.  *Id.* at 5-8.  As required by the Court's Scheduling Order (ECF No. 15), Defendants filed a Statement of Material Facts supporting their motion for summary judgment. (ECF No. 33).

Due to Plaintiff's counsel's withdrawal and delay in selecting new counsel, and with Court approval, (ECF No. 42 at 3), Plaintiff filed her response to the motion for summary judgment on April 24, 2024.  (ECF No. 44); *see also* (ECF Nos. 34-42) (docket entries related to counsel's withdrawal and appearance of new counsel).  Plaintiff, however, failed to file a Statement of Material Facts "that complied with the directives described in the Court's Scheduling Order (DE 15), Local Rule 56.1, and Federal Rule of Civil Procedure 56(c)(1)(A) in connection with her Response . . . [so] the Court treat[ed] Defendants' Statement of Material Facts as uncontroverted." (ECF No. 47 at 1 n.1).

Thus, based on the uncontroverted evidence presented by Defendants, the District Court granted Defendants' motion for summary judgment and dismissed all counts.  *See generally* (ECF No. 47).  Plaintiff did not object to the Summary Judgment Order or entry of Final Judgment, nor seek reconsideration or leave to appeal.  The instant Motion followed.  (ECF No. 49 at 2).

## II.   LEGAL STANDARDS

### A.  Entitlement to Fees and Costs Generally

Under the "American Rule," each party must pay its own attorneys' fees, unless a statute or contract provides otherwise.  *Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894 (S.D. Fla. Dec. 9, 2020) (ECF No. 372 at 3); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242,

253 (2010) (citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract). Relevant here, the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988(b), provides that, in any action to enforce a provision of 42 U.S.C. § 1983, the Court may award the prevailing party its reasonable attorney's fees. Here, there is no dispute that Defendant Otwell is the prevailing party by virtue of summary judgment. *See generally* (ECF Nos. 32, 47, 48, 49, 52, 53); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir.1995).

**B.      *Attorneys' Fees to Prevailing Defendants in Civil Rights Actions***

Pursuant to 42 U.S.C. § 1988(b), the Court has discretion to award a prevailing party (other than the United States) its reasonable attorney's fees in a civil rights action. 42 U.S.C. § 1988(b). Although attorney's fees are typically awarded to successful civil rights *plaintiffs* as a matter of course, prevailing *defendants* in civil rights cases may receive attorney's fees only when the plaintiffs' claim is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or when the "plaintiff[s] continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 422 (1978) (applying frivolity standard in awarding fees to successful defendants in Title 7 litigation); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (adopting same standard for awarding fees to prevailing § 1983 defendants); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (adopting same standard for awarding fees to prevailing defendants in ADA case).

To determine if a suit is frivolous, the Court considers whether the case is "so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)

(citation omitted).  Simply put, it is not enough that the plaintiff ultimately lost the case.[1]  *Bruce,* 177 F.3d at 951 ("To be deemed 'meritless' for purposes of assessing a prevailing defendant's attorney's fees, it is not enough that the plaintiff had ultimately lost his case."); *Head*, 62 F.3d at 356 ("Merely because plaintiff did not ultimately prevail on [its] federal claims does not determine that [the] claims were groundless."); *Hughes*, 449 U.S. at 15 ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). Accordingly, this Court's grant of summary judgment in favor of Defendant Otwell does not, without more, mean that Plaintiff's action was frivolous and Defendant should be awarded fees.

Rather, in the Eleventh Circuit, the determination of whether a case is frivolous is made on a case-by-case basis, traditionally informed by three factors: "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  *Sullivan*, 773 F.2d at 1189; *Bruce*, 177 F.3d at 952.  More recently, however, courts in this District have recognized a fourth factor, described as particularly important: whether there was enough support for the claim "to warrant close attention by the court."  *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (S.D. Fla. Sept. 21, 2021) (citing to *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)); *see Fleuranville v. Miami-Dade Cnty,* No. 23-CV-21797, 2024 WL 5284893, at *3 (S.D. Fla. Dec. 13, 2024), *report and recommendation adopted*, 2025 WL 33548 (S.D. Fla. Jan. 6, 2025); *see also O'Boyle v. Thrasher*, 647 F. App'x 994, 995-96 (11th Cir. 2016*)* (quoting *Busby*, 931 F.2d at 787) (noting that factual allegations in the amended complaint were not "meritorious

---

[1] In this regard, the Supreme Court has instructed that "a district court [should] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  *Christiansburg,* 434 U.S. at 421-22.

enough to receive careful attention and review"). Together, these factors provide general guidance for the Court's consideration, but the decision whether a claim is frivolous remains within the discretion of the Court. *See Cross v. Johnson*, No. 23-CV-60393, 2024 WL 4544176, at *4 (S.D. Fla. Oct. 4, 2024) (noting that these factors permit courts to exercise their discretion). Lastly, in so doing, the Court views the evidence in the light most favorable to the non-prevailing plaintiff. *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015) (citing *Cordoba v. Dillard's, Inc.* 419 F.3d 1169, 1179 (11th Cir. 2005)).

### III. THE MOTION

In the Motion, Defendant Otwell argues that "the predicate for an award of prevailing defendant attorney's fees is clearly present based upon the [District] Court's Order granting summary judgment." (ECF No. 49 at 3). To support his argument, Defendant Otwell superficially discusses some, but not all, of the frivolity factors. *Id*. As to the first factor, Defendant Otwell cites to the District Court's finding at summary judgment that Defendant not only had "arguable" probable cause, but also "actual" probable cause to arrest based on the uncontroverted affidavit of the victim, implicitly arguing that Plaintiff failed to establish a *prima facie* case of false arrest. *Id.* As to the second factor, Defendant Otwell argues that Defendants' offer to settle (for an undisclosed amount) at mediation also weighs in his favor. *Id.*; (ECF No. 53 at 1). Lastly, as to the third factor, Defendant Otwell argues that the there was no trial on the merits, as the case was dismissed in his favor at summary judgment. *Id.* According to Defendant Otwell, all three factors weigh in his favor. (ECF No. 53 at 1).

In an equally cursory response, and without addressing any of the frivolity factors, Plaintiff asserts that her "claims and lawsuit were not frivolous, unreasonable and without foundation" and "were brought in good faith, and [were] squarely debated." (ECF No. 52 at 2). Lastly, Plaintiff

makes a policy argument that awarding attorney's fees to Defendant, who she claims "forced [her] out of her residence, arrested, bruised, jailed, then caused her prosecution for an offense she did not commit," might serve to "embolden or encourage similar conduct." *Id.*

## IV. <u>AN AWARD OF ATTORNEY'S FEES IS WARRANTED</u>

Defendant Otwell being the prevailing party, the undersigned next determines whether Plaintiff's case is frivolous for purposes of awarding prevailing party fees to Defendant Otwell. Having considered the frivolity factors in *Sullivan* and *Beach Blitz*, and in the exercise of Court's discretion, the undersigned concludes that an award of fees to Defendant Otwell is warranted for the reasons set forth below.

Unfortunately, the parties' perfunctory arguments are unhelpful to the Court in determining whether the frivolity factors in *Sullivan* and *Beach Blitz* have been met. Thus, the undersigned will review the procedural history and merits of the case to determine whether, in the exercise of the Court's discretion, Defendant Otwell should be awarded fees as a prevailing defendant.

### *Factor 1: Whether Plaintiff Established a Prima Facie Case*

The first *Sullivan* factor requires the Court to consider whether Plaintiff established a *prima facie* case. *Sullivan*, 773 F.2d at 1189. As discussed below, the undersigned finds that this factor weighs in favor of Defendant Otwell.

Plaintiff's failure to set out a *prima facie* case is clearly evidenced in the District Court's Summary Judgment Order. *See generally* (ECF No. 47). For example, as to Count 1, the District Court noted that "the only evidence presented to the Court supports a finding that no constitutional violation occurred." *Id.* at 5. The Court further explained:

> In the absence of any contrary factual evidence submitted by Plaintiff to substantiate the allegations in her Complaint, the Court must accept as uncontroverted the facts and evidence presented in Defendants' Statement of Material Facts. Plaintiff's Complaint alleges in connection with Count 1 that she

was present "inside her residence" on the day of her arrest.  However, in the Probable Cause Affidavit submitted with Defendants' Statement of Material Facts, Defendant Otwell describes Plaintiff as being "outside on the front porch."  Plaintiff had the opportunity to counter this evidence and create an issue of material fact that would have defeated summary judgment on this count, but Plaintiff offers no evidence in support of her factual statements in the "Supporting Factual Position" section of Plaintiff's Response, thus failing to comply with the Court's Scheduling Order, which set out the requirements for providing evidentiary support in connection with a response to a motion for summary judgment, as well as Federal Rule of Civil Procedure 56(c)(1) and Local Rule 56.1.  As warned in the Scheduling Order, a statement of material facts that does not comply with the rules pertaining to citations to evidentiary support will be stricken or disregarded.

* * *

Plaintiff has presented no evidentiary basis by which the Court might find that a material factual dispute exists regarding whether Defendant Otwell compelled Plaintiff to leave her house.

*Id.* at 6-7 (citations omitted).

As to Plaintiff's alternative theory that Defendant Otwell did not have probable cause to arrest Plaintiff, the Court similarly found that "Defendant Otwell had probable cause to arrest Plaintiff based on the uncontroverted facts presented by Defendants."  *Id.* at 7.  The Court concluded:

Here, the uncontroverted facts show that the victim . . . signed a sworn affidavit stating that Plaintiff struck him without his permission, and Defendant Otwell observed injuries on [the victim]'s arm.  Based upon this, Otwell had not just arguable probable cause but actual probable cause to arrest Plaintiff for battery. Therefore, Defendant Otwell is entitled to qualified immunity.

*Id.* at 8 (citations and footnote omitted).

Additionally, for the same reasons discussed as to Count 1, the District Court found that Defendant Otwell was entitled to qualified immunity as to Count 3 and that he had successfully established the existence of probable cause as an affirmative defense to Count 4.  *Id.* at 8-11.  As to Count 3, the District Court reiterated that "Otwell is entitled to qualified immunity on this claim too because the uncontroverted evidence counters Plaintiff's allegation that she was inside her

house before and at the time of her arrest and demonstrates that Defendant Otwell had probable cause to arrest Plaintiff." *Id.* at 10. As to Count 4, the Court stated. "Defendant Otwell raised probable cause as an affirmative defense and has sufficiently supported this defense with the uncontroverted factual material discussed above." *Id*. at 11 (citation omitted).

Based on this uncontroverted evidence, the District Court granted summary judgment on all counts and entered Final Judgment in favor of all Defendants. *See* (ECF No. 48). Plaintiff did not object to the Summary Judgment Order or entry of Final Judgment, nor seek reconsideration or leave to appeal. Where, as here, plaintiffs did not introduce *any* evidence at the summary judgment stage to support their claims and summary judgment was entered against them, courts have found the claims to be frivolous (for failure to establish a *prima facie* case).[2] *See Head*, 62 F.3d at 355-56 (citing *Sullivan*, 773 F.2d at 1189); *O'Boyle*, 647 F. App'x at 995 (affirming fee award to prevailing defendants where plaintiff "did not, and could not, establish a prima facie case against the [d]efendants for his federal civil rights claims, nor any basis to sue [the town manager] and [chief of police] individually under state law"); *Angiolillo v. Bates*, No. 08-CV-606, 2010 WL 916377, at *5 (M.D. Fla. March 11, 2010), *aff'd sub nom. Angiolillo v. Collier Cnty.*, 394 F. App'x 609 (11th Cir. 2010) (finding plaintiff failed to establish *prima facie* case where plaintiff presented no evidence at summary judgment to support his claims for false arrest); *see also Fleuranville*, 2024 WL 5284893, at *3 (finding that first factor weighed in favor of party seeking fees where plaintiff's claims were dismissed with prejudice). These cases support the undersigned's conclusion that the first factor weighs in favor of Defendant Otwell.

---

[2] Similarly, Plaintiff failed to respond to or otherwise oppose Defendants' motion to dismiss (ECF No. 9), leading the District Court to conclude, in a brief three-paragraph Order, that Counts 2 and 5 should be dismissed and the request for fees in Counts 3, 4, and 5 be stricken. *See* (ECF No. 13).

### *Factor 2: Whether Defendant Offered to Settle*

The second *Sullivan* factor requires the Court to consider whether Defendant offered to settle. *Sullivan*, 773 F.2d at 1189. As to this factor, Defendant acknowledges that during the January 2024 mediation, Defendants offered to settle with Plaintiff "for an undisclosed amount of money, which [Plaintiff] elected not to take." (ECF No. 49 at 3); *see* (ECF No. 53 at 1). Without factual or legal support, Defendant Otwell argues that Defendants' offer to settle weighs in Defendant's favor. The undersigned disagrees. At best, Defendants' offer to settle is a neutral factor in the *Sullivan* analysis. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party."). At worst, the settlement offer weighs in Plaintiff's favor. *See, e.g., Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353-54 (11th Cir. 1998) (reversing fee award to prevailing defendant, noting "under the standards enunciated in *Sullivan*, [the defendant's] settlement offer should have been a factor weighing in [plaintiff]'s favor").

Here, the undersigned finds that the undisclosed settlement amount neutralizes this factor, so that it does not lend support to either party. *Cross*, 2014 WL 4544178, at * 4 (finding this factor to be neutral where amount of settlement offer was not disclosed to the court).

### *Factor 3: Whether the Case was Dismissed Prior to Trial*

The third *Sullivan* factor asks whether the case was dismissed prior to trial. *Sullivan*, 773 F.2d at 1189. Here, the District Court granted summary judgment in favor of Defendants and the case did not proceed to trial. (ECF No. 47). Accordingly, this factor weighs in favor of Defendant Otwell.

***Factor 4: Whether the Claim Warranted Close Attention by the Court***

The last factor for the Court's consideration is whether there was enough support for the claim "to warrant close attention by the court." *Beach Blitz*, 13 F.4th at 1302. In light of the undersigned's analysis of the District Court's Orders on Defendants' motion to dismiss and motion for summary judgment, and for the reasons discussed as to the first factor, the undersigned finds that Plaintiff's claims did not warrant close attention by the Court. Initially, Defendants' motion to dismiss certain counts and claims was granted without response or opposition from Plaintiff, and therefore did not merit close attention by the Court. *See* (ECF No. 13 at 1). Similarly, to determine the motion for summary judgment, the District Court needed only to review the victim's affidavit to find that actual probable cause existed to support the arrest and confer qualified immunity. *See* (ECF No. 47 at 8) (citations and footnote omitted) ("Here, the uncontroverted facts show that the victim . . . signed a sworn affidavit stating that Plaintiff struck him without his permission, and Defendant Otwell observed injuries on [the victim]'s arm. Based upon this, Otwell had not just arguable probable cause but actual probable cause to arrest Plaintiff for battery. Therefore, Defendant Otwell is entitled to qualified immunity."). Additionally, as to Count 3, the District Court reiterated that "Otwell is entitled to qualified immunity on this claim too because the uncontroverted evidence counters Plaintiff's allegation that she was inside her house before and at the time of her arrest and demonstrates that Defendant Otwell had probable cause to arrest Plaintiff." *Id.* at 10. As to Count 4, the District Court stated, "Defendant Otwell raised probable cause as an affirmative defense and has sufficiently supported this defense with the uncontroverted factual material discussed above." *Id.* at 11 (citation omitted).

Given the uncontroverted evidence in Defendants' favor and the absence of any complicated or nuanced legal issues, the District Court's summary judgment analysis did not

require close attention by the Court. *See Fleuranville*, 2024 WL 5284893, at *4 (weighing fourth factor in defendant's favor where court only needed to review the arrest affidavit to determine the existence of probable cause); *cf. Cross*, 2024 WL 4544176, at *5 (reasoning that probable cause finding, which involved careful review of an audio recording, "nuanced interpretations of Florida Statutes," and the interplay between school board procedures and federal law, weighed against finding that disposition at summary judgment was so obvious as to render plaintiff's claim frivolous). Accordingly, this factor, which has been deemed to be "particularly important," weighs in favor of Defendant Otwell. *Beach Blitz*, 13 F.4th at 1302.

In sum, after considering the relevant factors and in the exercise of the Court's discretion, the undersigned concludes that the first, third, and fourth factors weigh in favor of awarding prevailing party fees to Defendant Otwell. The second factor is neutral, not favoring either side. Although the undersigned is mindful of the policy considerations militating against imposing fees on unsuccessful civil rights plaintiffs, *see Bonner v. Mobile Energy Servs. Co*., 246 F.3d 1303, 1305 (11th Cir. 2001) (citing *Christiansburg*, 434 U.S. at 421-22), under the facts of this case, an award of fees is appropriate. Thus, viewing the claim in the light most favorable to the non-prevailing Plaintiff, *Barnes*, 592 F. App'x at 872, the undersigned finds that Plaintiff's claims were frivolous, unreasonable, or unfounded and recommends that Defendant Otwell's request for attorney's fees be **GRANTED**.

## IV. <u>FEES</u>

### A.  The Lodestar Method for Determining Attorneys' Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorneys' services

and then determines if the hours expended by counsel are reasonable.  *Id.* at 1299-1302.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299.  The relevant legal community is "the place where the case is filed."  *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted).  Here, the relevant legal community is South Florida.  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428.  When a court finds the number of hours claimed by counsel is unreasonably high, the court may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut," but not both.  *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id*.

Defendant Otwell seeks $22,260 in fees incurred for 111.3 hours of work expended during this case.  (ECF No. 49-1 at 19).  As an initial matter, Plaintiff did not object to the reasonableness of the amount requested and merely noted that it was substantially more than she had expended. (ECF No. 52 at 2).  Thus, Plaintiff has waived any objection to the reasonableness of the claimed fees.  *See, e.g., Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2017 WL 3536917, at *10 (S.D. Fla. Aug. 17, 2017) (concluding that party who failed to object to fee amount undoubtedly waived all arguments about the attorneys' hourly rates and the reasonableness and efficiency of counsel's

time); *see also Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 758 (11th Cir. 2017) (noting that issues not raised in the district court are waived).   Nevertheless, the undersigned has an independent obligation to review the reasonableness of the claimed fees.   *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) (noting that although defendants defaulted and failed to respond to plaintiff's motion for fees, "the Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, [and] the number of attorney hours sought are reasonable").

1. *Reasonable Hourly Rates*

In determining reasonable hourly rates in South Florida, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."   *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).   The Court is also "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"   *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

Here, attorney Tamatha Alvarez has been practicing law since 1988, specializing in civil rights defense for more than 20 years, and billed at a discounted rate of $200/hour.  (ECF No. 49-1 at 1).   In the absence of any objection by Plaintiff and based on the undersigned's knowledge

and expertise, the Court finds counsel's hourly rate to be reasonable for the South Florida community.  *See, e.g.*, *CBRE, Inc. v. Capital Com. Real Estate Group, Inc.*, No. 19-CV-61235, 2019 WL 7708503, at *2 (S.D. Fla. Oct. 10, 2019), *report and recommendation adopted*, 2019 WL 7708499 (S.D. Fla. Oct. 28, 2019) (awarding $585/hr for 26-year partners, $360 for six-year associate, $185 for paralegal).  Accordingly, the undersigned recommends that Defendant Otwell's counsel receive the hourly rate requested.

> ### 2.  *Reasonable Hours Expended*

Having determined counsel's reasonable hourly rate, the undersigned next determines the reasonableness of the hours expended by the attorney working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman*, 836 F.2d at 1301 (quotations and citations omitted).  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *ACLU*, 168 F.3d at 428.  In the end, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F. 2d at 1301.

The Court has reviewed counsel's billing records.  *See* (ECF No. 49-1 at 3-19).  Upon review, the billing records reflect certain billing inefficiencies that require downward adjustment.  More specifically, several of the time entries reflect time spent on clerical work, such as preparing subpoenas, coordinating/scheduling mediation, and e-filing, for which an attorney cannot properly

bill.[3]  *See Salvador v. Brico, LLC*, No. 17-CV-61508, 2020 WL 1874066, at *3 (S.D. Fla. Apr. 15, 2020) (finding that scheduling and "[t]he preparation of these simple and routine documents was clerical work"); *Manriquez v. Manuel Diaz Farms, Inc.*, No. 00-CV-1511, 2002 WL 1050331, at *6 (S.D. Fla. May 23, 2002) (identifying preparation of deposition notices and subpoenas as an example of clerical work); *see also Oreilly v. Art of Freedom Inc.*, No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (reiterating that "fees incurred in commission of non-legal or administrative tasks are not compensable").

For the foregoing reasons, the undersigned concludes that a minor reduction in the requested fees is appropriate.  Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 10% reduction to the fees requested to account for counsel's minor instances of billing inefficiencies.  *See, e.g., Figueroa Polanco v. Igor & Co.*, No. 18-CV-60932, 2022 WL 198810 at *4 (S.D. Fla. Jan. 3, 2022), *report and recommendation adopted sub nom.*, 2022 WL 196303 (S.D. Fla. Jan. 21, 2022) (recommending a 20% reduction for non-compensable claims, excessive time, and clerical tasks); *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.,* No. 15-CV-62688, 2021 WL 1092214, at *6 (S.D. Fla. Mar. 4, 2021), *report and recommendation adopted*, 2021 WL 1089895 (S.D. Fla. Mar. 22, 2021) (recommending a 5% reduction for block billing*); Interim Healthcare, Inc. v. Health Care@Home, LLC*, No. 17-CV-61378, 2019 WL 6791465, at *6 (S.D. Fla. Nov. 27, 2019), *report and recommendation adopted*, No. 17-CV-61378, 2019 WL 6769666 (S.D. Fla. Dec. 12, 2019);

---

[3] For example, the following entries reflect such clerical work: 3/21/23 entry for .4 hours to "[p]repare notice of removal to federal court and file with state court"); 3/28/23 entry for .3 hours to "[p]repare [n]otice of [a]ppearance and forward to C. Gruber"); 5/21/23 entry for .2 hours to "[p]repare notice of depo of plaintiff"); 6/22/23 entry for 1.8 hours to "[c]oordinate and schedule mediation, [p]repare notice and order and file"); 16 entries between 7/23/23 and 10/13/23, each for .3 hours, to "[p]repare subpoenas" to various third parties).  *See generally* (ECF No. 49-1).

(recommending a 10% reduction for billing inefficiencies); *Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *2 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (adopting a 10% reduction for use of block billing, redacted time entries, and redundancy); *Shipping and Transit, LLC v. 1A Auto, Inc*., 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (adopting a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut); *Dial HD, Inc. v. ClearOne Commc'ns*, 536 F. App'x 927, 931 (11th Cir. 2013) (explaining that where an hour-by-hour review is impractical, an across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount is appropriate).  Consequently, the undersigned recommends that Defendant Otwell be awarded $20,034 in attorney's fees.

## V. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant Otwell's Motion for Attorney's Fees (ECF No. 49) be **GRANTED IN PART**.  Defendant Otwell should be awarded $20,034 in attorney's fees.

**Within 14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's Order based

on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2024); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, if counsel do not intend to file objections, they shall file a Notice of Non-Objection **within 7 days** of this Report and Recommendation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 28, 2025.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Raag Singhal
    All Counsel of Record